UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB TONNA, an individual

    Plaintiff,

v.                                             Case No: 2:15-cv-469-FtM-38CM

GRAND C, INC. and ROBERT W.
MIGNAULT,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Jacob Tonna's Motion for Relief from Judgment of Dismissal and Order of Dismissal with Prejudice Under Fed. R. Civ. P. 60(b)(6) and Motion for Enforcement of Settlement Agreement and Entry of Consent Judgment. (Doc. 43). Two years ago, Tonna sued Defendants Grand C, Inc. and Robert W. Mignault for workplace discrimination and harassment. (Doc. 1). A year into the suit, the parties filed a Joint Stipulation for Order of Dismissal in which they dismissed this case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 40). The Court then directed the Clerk of Court to enter judgment and close the file. (Doc. 41).

Fast-forward sixteen months. Tonna now tells the Court that Defendants have not paid him per the terms of their Settlement Agreement (Doc. 43-1). He thus moves the Court to vacate the Judgment (Doc. 42), reopen the case, and enter final judgment in his

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

favor in an amount consistent with his damages. (Doc. 43). But the Court declines to do so.

A stipulation of voluntary dismissal filed under Rule 41(a)(1)(A)(ii) is "self-serving" and dismisses the case upon filing. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). This means a court "may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.* (citation omitted). But litigants could try conditioning a Rule 41(a)(1) dismissal's effectiveness on a subsequent occurrence like the court retaining jurisdiction over a settlement agreement. At bottom, a federal court must take some act to retain jurisdiction to enforce settlement agreements. *See Anago*, 677 F.3d at 1279. This is because "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994); *see also Anago*, 677 F.3d at 1281 (stating, if the court does not embody the settlement contract in its dismissal order, "enforcement of the settlement agreement is for state courts").

Here, the underlying lawsuit was dismissed upon the parties filing the stipulated dismissal. They did not condition the stipulation upon the Court retaining jurisdiction over their Settlement Agreement. Nor did the Court independently do so. And the Court did not make the Settlement Agreement part of its Order. *See Anago*, 677 F.3d at 1281 (stating "[w]hen [a] settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case. The contract does not require adjudication by the same court[.]" (quoting *Kokkonen,* 511 U.S. at 380)). In fact, the Court never reviewed the Settlement

Agreement until Tonna filed it two weeks ago. The Court simply has no jurisdiction to enforce the Settlement Agreement. The Court, therefore, will deny Tonna's motion. But he is not without recourse, as he may seek to enforce the Settlement Agreement in state court.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Jacob Tonna's Motion for Relief from Judgment of Dismissal and Order of Dismissal with Prejudice Under Fed. R. Civ. P. 60(b)(6) and Motion for Enforcement of Settlement Agreement and Entry of Consent Judgment (Doc. 43) is **DENIED**.

(2) Based on this Order, Defendants Grand C, Inc. and Robert W. Mignault need not advise the Court of their decision on hiring new counsel as required by the Order dated October 31, 2017 (Doc. 45).

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of November, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record